UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID BOOKER,

                    Plaintiff,

v.

HIGH DESERT STATE PRISON, *et al.*,

                    Defendants.

Case No. 2:23-cv-00469-ART-DJA

ORDER

     Plaintiff David Booker brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated. (ECF No. 1-1). On April 4, 2023, this Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before June 5, 2023. (ECF No. 3). The Court warned Plaintiff that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 2). That deadline expired and Plaintiff did not file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee. Because Plaintiff submitted an incomplete application to proceed *in forma pauperis*, the Court considered meaningful alternatives to dismissal and issued an order granting Plaintiff another opportunity to submit a complete application. (ECF Nos. 4, 16). After filing several documents unrelated to his application to proceed *in forma pauperis*, the Court sua sponte issued another extension of time for Plaintiff to file a complete application. (ECF No. 20). In response, Plaintiff filed another incomplete application. (ECF No. 24). The Court granted Plaintiff another extension of time to file a completed financial certificate and an inmate accounting statement. (ECF No. 26). After Plaintiff sought an extension of time, the Court granted Plaintiff until December 4, 2023, to file a completed financial certificate and an inmate accounting statement. (ECF Nos. 27, 29). That deadline expired and Plaintiff still has not filed a fully complete application to proceed *in*

1

*forma pauperis*, paid the full $402 filing fee, or otherwise responded.

## I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the

1  Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
2  992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
3  the party has disobeyed a court order does not satisfy this factor); *accord*
4  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
5  "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
6  pursuit of less drastic alternatives prior to disobedience of the court's order as
7  satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
8  with the warning of dismissal for failure to comply[,]" have been "eroded" by
9  *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
10 dismissing a case, but must explore possible and meaningful alternatives."
11 *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action
12 cannot realistically proceed until and unless Plaintiff either files a fully complete
13 application to proceed *in forma pauperis* or pays the $402 filing fee for a civil
14 action, the only alternative is to enter a sixth order setting another deadline. But
15 the reality of repeating five ignored orders is that it often only delays the inevitable
16 and squanders the Court's finite resources. The circumstances here do not
17 indicate that this case will be an exception:  there is no hint that Plaintiff needs
18 additional time or evidence that he did not receive the Court's order.  Setting a
19 sixth deadline is not a meaningful alternative given these circumstances. So the
20 fifth factor favors dismissal.

**II.     CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's five previous orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file

a complaint in a new case.

It is further ordered that the outstanding motions (ECF Nos. 21, 24) are denied as moot in this closed case.

DATED THIS 20th day of December 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE